# EXHIBIT A-1

STATE OF NORTH CAROLINA

WAKE COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
24 CVS _____

POOL SPECIALISTS, INC., )
)
    Plaintiff, )
)
v. )
)
RYOBI, LTD.; RYOBI TECHNOLOGIES, INC.; )
RYOBI HOLDINGS (USA), INC.; ONE )
WORLD TECHNOLOGIES, INC.; )
TECHTRONIC INDUSTRIES COMPANY )
LIMITED; TECHTRONIC INDUSTRIES )
NORTH AMERICA, INC.; TTI CONSUMER )
POWER TOOLS, INC.;  HOME DEPOT )
U.S.A., INC.; THE HOME DEPOT, INC.; and )
HOME DEPOT MANAGEMENT )
COMPANY, LLC, )
)
    Defendants. )

## COMPLAINT WITH JURY DEMAND
### AND WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION, AND FIRST REQUESTS FOR ADMISSION ATTACHED

### <u>STATEMENT OF IDENTITY OF PARTIES AND JURISDICTION</u>

Plaintiff Pool Specialists, Inc., complaining of Defendants, alleges and says:

1.    Plaintiff Pool Specialists, Inc. is a corporation authorized and existing under the laws of the State of North Carolina.  Its principal office is located at 6308 J. Richard Drive, Raleigh, North Carolina 27617-4601.

2.    Defendant Ryobi, Ltd. is a corporation authorized and existing under the laws of the Country of Japan, and at all times relevant was engaged in the business of designing, engineering, manufacturing, fabricating, distributing, selling and/or supplying power tools, including leaf blowers, within the State of North Carolina. Its principal office is located at 762, Mesaki-Cho Fuchu, Hiroshima 726-8628, Japan.

3.     Defendant Ryobi Holdings (USA), Inc. is a corporation authorized and existing under the laws of the State of Delaware, and at all times relevant was engaged in the business of designing, engineering, manufacturing, fabricating, distributing, selling and/or supplying power tools, including leaf blowers, within the State of North Carolina. Its principal office is located at 800 Mausoleum Road, Shelbyville, Indiana 46176-9720. Its registered agent is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.     Defendant Ryobi Technologies, Inc. is a corporation organized under the laws of the State of Delaware with a principal place of business at 100 Innovation Way, Anderson, South Carolina, and at all times relevant was engaged in the business of designing, engineering, manufacturing, fabricating, distributing, selling and/or supplying power tools, including leaf blowers, within the State of North Carolina.  Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

5.     Hereinafter, Defendants Ryobi, Ltd., Ryobi Holdings (USA), Inc., and Ryobi Technologies, Inc. are collectively referred to as "the Ryobi Defendants."

6.     Defendant Techtronic Industries Company Limited is a corporation authorized and existing under the laws of Hong Kong Special Administrative Region of the People's Republic of China and at all times relevant was engaged in the business of designing, engineering, manufacturing, fabricating, distributing, selling and/or supplying power tools, including leaf blowers, within the State of North Carolina.  Its principal office is located at 29/F Kowloon Commerce Ctr, Twr 2 51, Kwai Cheong Road, Hong Kong.

7.     Defendant Techtronic Industries North America, Inc. ("Techtronic") is a corporation organized under the laws of the State of Delaware, with a principal place of business at 450 E. Las Olas Blvd., Suite 1500, Fort Lauderdale, Florida, and at all times relevant was engaged in the business of designing, engineering, manufacturing, fabricating, distributing, selling and/or supplying power tools, including leaf blowers, within the State of North Carolina.  Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

8.     Hereinafter, Defendants Techtronic Industries Company Limited and Techtronic Industries North America, Inc. are collectively referred to as "the Techtronic Defendants."

9.     Defendant TTI Consumer Power Tools, Inc. (hereinafter referred to as "Defendant TTI") is a corporation organized under the laws of the State of Delaware with a principal place of business at 100 Innovation Way, Anderson, South Carolina, and at all times relevant was engaged in the business of designing, engineering, manufacturing, fabricating, distributing, selling and/or supplying power tools, including leaf blowers, within the State of North Carolina.   Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

10.     Defendant One World Technologies, Inc. (hereinafter referred to as "Defendant One World"] is a corporation duly organized and existing under the laws of the State of Florida with a principal place of business at 417 Park Boulevard North, Venice, FL 34285, and at all times relevant was engaged in the business of designing, engineering, manufacturing, fabricating, distributing, selling and/or supplying power

tools, including leaf blowers, within the State of North Carolina. Its registered agent is Lynn T. Rowe, 417 Park Blvd. N., Venice, Florida 34285.

11. Defendant Home Depot U.S.A., Inc. is a corporation authorized and existing under the laws of the State of Delaware, and at all times relevant was engaged in the business of distributing, selling, marketing, and/or supplying power tools, including leaf blowers, within the State of North Carolina. Its principal office is located at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Its registered agent is Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

12. Defendant The Home Depot, Inc. is a corporation authorized and existing under the laws of the State of Delaware, and at all times relevant was engaged in the business of distributing, selling, marketing, and/or supplying power tools, including leaf blowers, within the State of North Carolina. Its principal office is located at 2455 Paces Ferry Road, Atlanta, Georgia 30339. Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

13. Defendant Home Depot Management Company, LLC is a corporation authorized and existing under the laws of the State of Delaware, and at all times relevant was engaged in the business of, distributing, selling, marketing, and/or supplying power tools, including leaf blowers, within the State of North Carolina. Its principal office is located at 2455 Paces Ferry Road, Building C-20, Atlanta, Georgia 30339. Its registered agent is Corporation Service Company, 2626 Glenwood Avenue, Suite 550, Raleigh, North Carolina 27608.

14. Hereinafter, Defendants Home Depot U.S.A., Inc., The Home Depot, Inc. and Home Depot Management Company, LLC are referred to collectively as "the Home Depot Defendants."

15. Plaintiff has provided written notice to Defendants of this claim prior to filing the subject lawsuit, pursuant to North Carolina law.

16. Jurisdiction is proper in this case over all Defendants because all Defendants have conducted business on a regular basis in North Carolina and all Defendants have maintained sufficient contacts for the Court to exercise its jurisdiction over Defendants. Wake County, North Carolina is a proper venue for this action in that claims for relief arose in Wake County and Plaintiff is headquartered in Wake County.

## STATEMENT OF FACTS

17. Paragraphs 1 through 16 of this Complaint are reincorporated as if fully set forth herein.

18. At all relevant times, Plaintiff Pool Specialists, Inc. conducted business in Wake County. The incident giving rise to this action occurred in Wake County, North Carolina.

19. Plaintiff Pool Specialists, Inc. is a business which maintains pools.

20. As part of the business of Pool Specialists, Inc., Pools Specialists Inc. on a regular basis used battery-powered tools, including leaf blowers.

21. As part of the business of Pool Specialists, Inc., Pool Specialists, Inc. used lithium batteries to power its battery-powered tools, including leaf blowers.

22. As part of the business of Pool Specialists, Inc., Pool Specialists, Inc. used a battery charger to charge the batteries for the leaf blowers.

5

23.    At all times relevant hereto, Pool Specialists, Inc. owned a Ryobi brand leaf blower which was powered by a lithium battery, which in turn was charged by a battery charger.  The leaf blower is hereinafter sometimes referred to as "the leaf blower." The leaf blower, battery, and charger are hereinafter sometimes collectively referred to as the "Ryobi Product."

24.    As part of the business of Pool Specialists, Inc., Pool Specialists, Inc. purchased lithium batteries to power its battery-powered tools, including leaf blowers.

25.    As part of the business of Pool Specialists, Inc., Pool Specialists, Inc. purchased battery chargers for the lithium batteries it purchased in order to power its battery-powered tools, including leaf blowers.

26.    At all times relevant hereto, Pool Specialists owned and used a Ryobi brand battery chargers.  The battery chargers were  Ryobi brand authorized and certified original OEM Ryobi Battery Chargers and  hereinafter sometimes referred to as the "battery charger."

27.    As part of the business of Pool Specialists, Inc., Pool Specialists, Inc. stored its leaf blower, lithium batteries, and battery chargers in its facility located at 6308 J. Richard Drive, Raleigh, North Carolina 27617.

28.    Pool Specialists, Inc. relied upon Defendants to provide the components of the Ryobi Product that were reasonably safe for ordinary usages.

29.    The reliance by Pool Specialists, Inc. upon Defendants to provide components of the Ryobi Product that were reasonably safe for ordinary usages was reasonable.

30.    The Ryobi Product was designed, engineered, manufactured, fabricated,

distributed, sold, supplied and/or otherwise placed into the stream of commerce by Defendants.

31. At the time the Ryobi Product was designed, engineered, manufactured, assembled, constructed, fabricated, imported, distributed, sold, supplied, and/or otherwise placed into the stream of commerce by Defendants, it was in a defective condition, which rendered the Ryobi Product unreasonably dangerous.

32. The unreasonably dangerous and defective condition of the Ryobi Product existed at the time it left the care, custody, and control of Defendants.

33. The Ryobi Product was not misused or altered in any material way from the condition it was in at the time it left the care, custody, and control of Defendants.

34. On August 29, 2022, at approximately 11:15 p.m., a fire broke out at the headquarters of Pool Specialists, Inc. located at 6308 J. Richard Drive, Raleigh, North Carolina 27617 ("The Fire").

35. On August 29, 2022, at approximately 11:11 p.m. a video surveillance camera recorded the events in issue, including the combustion of the lithium batteries and the initial ignition of the batteries which were stored at 6308 J. Richard Drive, Raleigh, North Carolina 27617. A flash-drive containing the video of the ignition and fire is attached to this Complaint as Exhibit 1.

36. On August 29, 2022, the subject catastrophic fire occurred as result of the defective condition of the subject Ryobi Products.

37. On August 29, 2023, the weather at the time of the explosion and fire that is the subject of this lawsuit included a temperature of 81 degrees Fahrenheit with winds out of the south at 5 miles per hour.

7

38.     On August 29, 2022, the weather at the time of the explosion and fire that is the subject of this lawsuit included 72% humidity and was mostly cloudy.

39.     On August 29, 2022, the subject catastrophic fire was caused by the defective condition and catastrophic failure of the Ryobi Product.

40.     The Ryobi Product was designed, engineered, manufactured, fabricated, distributed, sold, supplied and/or otherwise placed into the stream of commerce by Defendants and, thus, Defendants are product sellers under North Carolina law.

41.     Defendants owed a legal duty to Plaintiff to ensure that the subject Ryobi Product was reasonably safe and weas safe to be used in the normal course by Plaintiff and by Plaintiff's employees.

42.     Defendants breached their legal duty to Plaintiff.

43.     As a direct and proximate result of the breach of the legal duties owed to Plaintiff by Defendants, the subject catastrophic fire occurred.

44.     The catastrophic fire at the Pool Specialists, Inc. facility was caused by the ignition and explosion of the subject Ryobi batteries.

45.     The catastrophic fire directly and proximately caused severe and substantial damage to the business of Pool Specialists, including to the property, the improvements, fixtures, business personal property, and contents of the building located at 6308 J. Richard Drive, Raleigh, North Carolina 27617, as well as lengthy interruption of Plaintiff's business.

**FIRST CLAIM FOR RELIEF**
**NEGLIGENT, GROSSLY NEGLIGENT, RECKLESS, AND WILLFUL AND WANTON CONDUCT OF THE RYOBI DEFENDANTS**

46.     Paragraphs 1 through 45 of this Complaint are reincorporated as if fully

set forth herein.

47.     At all times complained of the Ryobi Defendants derived profit from the sale of lithium batteries, battery chargers, and leaf blowers.

48.     At all times complained of the Ryobi Defendants owed a legal duty to the public, including Plaintiff to properly and safely design, test, manufacture, package and label its lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower.

49.     At all times complained of the Ryobi Defendants breached the legal duties it owed to the public, including Plaintiff to properly and safely design, test, manufacture, package and label its Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower.

50.     The subject fire was the proximate result of defects in the Ryobi brand lithium batteries and leaf blower, and components thereof.

51.     The Ryobi Defendants, individually and by and through their predecessor entities, were negligent and wanton in that said entities, by and through their agents, representatives, and employees:

        a.      Negligently and wantonly designed, manufactured, produced, advertised, sold, and supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower;

        b.      Negligently and wantonly designed, manufactured, produced, advertised, sold, and supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower, in a manner that violated industry standards and procedures when they knew that the Ryobi batteries, battery

9

chargers, and leaf blowers were highly dangerous and defective and would lead to sudden fires and explosions;

c. Negligently and wantonly designed, manufactured, produced, advertised, sold, and supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower when they knew that the Ryobi batteries were highly dangerous and defective and would lead to sudden fires and explosions;

d. Negligently and wantonly failed to provide adequate and appropriate warnings and labels and instructions with regard to the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers;

e. Negligently and wantonly designed, manufactured, produced, advertised, sold, and supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower when it knew that it had been sued multiple times as a result of fires and explosions that occurred as a direct and proximate result of the highly dangerous and defective condition of its Ryobi brand lithium batteries, battery chargers, and leaf blowers; and

f. Was negligent and wanton in such other and further ways as will be determined through discovery and proven at trial.

52. As a direct and proximate result of the negligent and wanton conduct of the Ryobi Defendants, by and through the acts of their agents, employees, managers, predecessor entities, and other persons for whom the Ryobi Defendants. are legally responsible and accountable, Plaintiff suffered massive damages as a direct and proximate result of the fire that is the subject of this lawsuit.

53.     Plaintiff is entitled to recover of the Ryobi Defendants, jointly and severally with the other Defendants in this lawsuit, damages in an amount to be determined by the jury, but in any event in an amount greater than $25,000.00.

54.     To the extent that it is determined that the conduct of the Ryobi Defendants related to or proximately causing the damages to Plaintiff complained of in this action was willful and wanton in nature, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury, but in any event greater than $25,000.00.

## SECOND CLAIM FOR RELIEF
## BREACH OF EXPRESS AND IMPLIED WARRANTIES BY THE RYOBI DEFENDANTS

55.     Paragraphs 1 through 54 of the Complaint are incorporated herein.

56.     The Ryobi Defendants, by and through their agents, employees, officers, representatives, and others for whom it is legally responsible, in order to induce the purchase of lithium batteries, battery chargers, and leaf blowers, which it imported, manufactured, marketed and/or sold under its trade name as a manufacturer, including the subject lithium battery and leaf blower, advertised to the public the availability and safety of its products.

57.     Through the use of such advertising, the Ryobi Defendants, by and through their agents, employees, officers, representatives, and others for whom it is legally responsible, for the benefit of the ultimate consumers and users, including Plaintiff, directed the attention of the public and particularly ultimate consumers and users, specifically Plaintiff and others similarly situated, by means of express representations and warranties of its products by representing to the public and ultimate

11

consumers, including Plaintiff, that their products could be used safely and without fear

of sudden malfunction in ordinary uses, and in the manner directed and for the purposes

intended by the Ryobi Defendants.

58.    In using the subject Ryobi Product, Plaintiff relied upon the skill and

judgment of the Ryobi Defendants, by and through their agents, employees, officers,

representatives, and others for whom they are  legally responsible, and upon the express

warranty of the Ryobi Defendants created under North Carolina law.

59.    The subject Ryobi Product was defective in design, materials, and/or

manufacture and such defect breached the express and implied warranties given by the

Ryobi Defendants, by and through their agents, employees, officers, representatives,

and others for whom they are legally responsible.

60.    As a direct and proximate result of the breach of express and implied

warranties given for the benefit of the ultimate consumers and users, including Plaintiff,

Plaintiff was severely and permanently damaged.  The damages suffered by Plaintiff

include but are not limited to  damages for the destruction of the Pool Specialist, Inc.

facility, damages to the other equipment owned by Pool Specialist, Inc., damages to the

inventory owned by Pool Specialist, Inc., business damages including loss of profits from

the destruction of the Pool Specialist, Inc. facility, the Pool Specialist, Inc., inventory, the

Pool Specialist equipment; as well as loss of profits, and all other related costs and

expenses that are a direct and proximate result of the fire, including all damages allowed

under North Carolina law.

61.    Plaintiff is therefore entitled to recover from the Ryobi Defendants all

damages caused by the Ryobi Defendants' breach of warranties and negligence,

including all such damages as allowed by North Carolina law.

62.     Plaintiff is entitled to recover from the Ryobi Defendants, jointly and severally with all other Defendants, an amount to be determined by a jury, but in any event greater than $25,000.00, as a result of the breach of express and implied warranties by the Ryobi Defendants, as described herein.

**THIRD CLAIM FOR RELIEF**
**N.C.G.S. CHAPTER 75 CLAIMS AGAINST THE RYOBI DEFENDANTS**

63.     Paragraphs 1 through 62 of the Complaint are incorporated herein.

64.     The Ryobi Defendants are businesses engaged in the design, manufacture, assembly, advertising, promotion, distribution, import, sale, and/or supply of lithium batteries, battery chargers, and leaf blowers, specifically including the lithium battery and leaf blower that is the subject of this litigation, and thereby are engaged in commerce as that term is defined in N.C.G.S. §75-1.1, *et seq*.

65.     At the time of the sale of the subject lithium battery and leaf blower, the Ryobi Defendants knew that the subject lithium battery and leaf blower that are the subject of this litigation were unsafe and not suitable for purchase for the use by Plaintiff.

66.     Regardless of such knowledge, the Ryobi Defendants did nothing to ensure that members of the public that were using its products, including but not limited to Plaintiff, were aware of the dangerous and defective condition of the subject lithium battery and leaf blower.

67.     The Ryobi Defendants made representations to the public regarding the safety of the subject lithium battery and leaf blower.

68.     The conduct of the Ryobi Defendants as set forth in this Complaint, and as

13

will be further determined through discovery and proven at trial, constitutes unfair conduct as that term is defined in N.C.G.S. §75-1.1, *et seq*.

69.     The conduct of the Ryobi Defendants as set forth in this Complaint, and as will be further determined through discovery and proven at trial, constitutes deceptive conduct as that term is defined in N.C.G.S. §75-1.1, *et seq*.

70.     Plaintiff relied upon the conduct and representation of the Ryobi Defendants as set forth in this Complaint, and as will be further determined through discovery and proven at trial.

71.     The unfair conduct of the Ryobi Defendants as set forth in this Complaint, and as will be further determined through discovery and proven at trial, was the proximate cause of the damages suffered by Plaintiff, which are the subject of this litigation.

72.     The deceptive conduct of the Ryobi Defendants as set forth in this Complaint, and as will be further determined through discovery and proven at trial, was the proximate cause of the damages suffered by Plaintiff, which are the subject of this litigation.

73.      As a proximate result of the unfair conduct of the Ryobi Defendants, jointly and severally with all other Defendants, Plaintiff suffered damages, including but not limited to damages for the destruction of the Pool Specialist, Inc. facility, damages to the other equipment owned by Pool Specialist, Inc., damages to the inventory owned by Pool Specialist, Inc., business damages including loss of profits from the destruction of the Pool Specialist, Inc. facility, the Pool Specialist, Inc., inventory, the Pool Specialist equipment; as well as loss of profits, and all other related costs and expenses that are a

direct and proximate result of the fire, including all damages allowed under North Carolina law.

74. As a proximate result of the deceptive conduct of the Ryobi Defendants, jointly and severally with all other Defendants, Plaintiff suffered damages, including but not limited to damages for the destruction of the Pool Specialist, Inc. facility, damages to the other equipment owned by Pool Specialist, Inc., inventory owned by Pool Specialist, Inc., business damages including loss of profits from the destruction of the Pool Specialist, Inc. facility, the Pool Specialist, Inc., inventory, the Pool Specialist equipment, loss of profits, and all other related costs and expenses that are a direct and proximate result of the fire, including all damages allowed under North Carolina law.

75. Pursuant to N.C.G.S. §75-16, Plaintiff is entitled to recover from the Ryobi Defendants damages to be determined by a jury but in any event greater than $25,000.00.

76. Pursuant to N.C.G.S. §75-16, Plaintiff is further entitled to the trebling of the damages cause by the unfair and/or deceptive conduct of the Ryobi Defendants.

77. Upon information and belief, the acts or practices of the Ryobi Defendants in violation of N.C.G.S. §75-1.1, *et seq.*, were willful in nature.

78. Prior to the filing of this claim, the Ryobi Defendants were put on notice of Plaintiff's claims arising from their unfair and/or deceptive conduct, and the Ryobi Defendants made unwarranted refusals to resolve the matter which constitutes the basis for Plaintiff's action.

79. Pursuant to N.C.G.S. §75-16.1, Plaintiff is further entitled to all costs of litigation, including attorneys' fees, as a result of such willful unfair and/or deceptive

conduct by the Ryobi Defendants.

## FOURTH CLAIM FOR RELIEF
### NEGLIGENCE CLAIM AGAINST DEFENDANT HOME DEPOT U.S.A., DEFENDANT THE HOME DEPOT, INC., DEFENDANT HOME DEPOT MANAGEMENT COMPANY, LLC

80.    Paragraphs 1 through 79 of the Complaint are incorporated herein.

81.    Defendants Home Depot U.S.A., Inc., The Home Depot, Inc., and Home Depot Management Company, LLC are referred to collectively as "the Home Depot Defendants."

82.    At all times complained of the Home Depot Defendants derived profits from the sale of Ryobi lithium batteries, Ryobi battery chargers, and Ryobi leaf blowers.

83.    At all times complained of the Home Depot Defendants owed a legal duty to the public, including Plaintiff to ensure that the Ryobi Defendants had properly and safely designed, tested, manufactured, packaged and labelled Ryobi lithium batteries and Ryobi leaf blowers, including the subject lithium batteries and leaf blower.

84.    At all times complained of the Home Depot Defendants breached the legal duties they owed to the public, including Plaintiff to ensure that the Ryobi Defendants had properly and safely designed, tested, manufactured, packaged and labelled Ryobi lithium batteries and Ryobi leaf blowers, including the subject lithium batteries and leaf blower.

85.    The subject fire was the proximate result of negligence of the Home Depot Defendants in failing to ensure that the Ryobi Defendants had properly and safely designed, tested, manufactured, packaged, and labelled Ryobi lithium batteries and Ryobi leaf blowers, including the subject lithium batteries, battery charger, and leaf blower, and instead the defects in the Ryobi brand lithium batteries and leaf blower, and

16

components thereof were a proximate cause of the catastrophic fire at the Pool Specialist, Inc. facility and the enormous damages sustained by Plaintiff Pool Specialists, Inc.

86. The Home Depot defendants, individually and by and through their predecessor entities, were negligent and wanton in that said entities, by and through their agents, representatives, and employees:

g. Negligently and wantonly failed to ensure that the Ryobi Defendants had properly and safely designed, manufactured, produced, advertised, sold, and supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower;

h. Negligently and wantonly advertised, marketed and sold Ryobi lithium batteries and Ryobi leaf blowers when the Home Depot Defendants knew or in the exercise of reasonable care would have known that the Ryobi Defendants negligently and wantonly designed, manufactured, produced, advertised, sold, and supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower, in a manner that violated industry standards and procedures when they knew that the Ryobi batteries, battery chargers, and leaf blowers were highly dangerous and defective and would lead to sudden fires and explosions;

i. Negligently and wantonly advertised, marketed and sold Ryobi lithium batteries and Ryobi leaf blowers when the Home Depot Defendants knew or in the exercise of reasonable care would have known that the Ryobi Defendants had negligently and wantonly designed, manufactured, produced, advertised, sold, and

supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower when they knew that the Ryobi batteries were highly dangerous and defective and would lead to sudden fires and explosions;

j.      Negligently and wantonly failed to provide adequate and appropriate warnings and labels and instructions with regard to the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers;

k.      Negligently and wantonly designed, manufactured, produced, advertised, sold, and supplied the subject Ryobi brand lithium batteries, battery chargers, and leaf blowers, including the subject lithium batteries and leaf blower when it knew that the Home Depot Defendants and the Ryobi Defendants had been sued multiple times as a result of fires and explosions that occurred as a direct and proximate result of the highly dangerous and defective condition of its Ryobi brand lithium batteries, battery chargers, and leaf blowers; and

l.      Were negligent and wanton in such other and further ways as will be determined through discovery and proven at trial.

87.      As a direct and proximate result of the negligent and wanton conduct of the Home Depot Defendants, by and through the acts of their agents, employees, managers, predecessor entities, and other persons for whom the Home Depot Defendants are legally responsible and accountable, Plaintiff suffered massive damages as a direct and proximate result of the fire that is the subject of this lawsuit.

88.      Plaintiff is entitled to recover of the Home Depot Defendants, jointly and severally with the other Defendants in this lawsuit, damages in an amount to be

18

determined by the jury, but in any event in an amount greater than $25,000.00.

89.    To the extent that it is determined through discovery in this case that the conduct of the Home Depot Defendants related to or proximately causing the damages to Plaintiff complained of in this action was willful and wanton in nature, Plaintiff is entitled to recover punitive damages in an amount to be determined by the jury, but in any event greater than $25,000.00.

**FIFTH CLAIM FOR RELIEF**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES BY THE**
**DEFENDANT HOME DEPOT U.S.A., DEFENDANT THE HOME DEPOT, INC., AND**
**DEFENDANT HOME DEPOT MANAGEMENT COMPANY, LLC**

88.    Paragraphs 1 through 89 of the Complaint are incorporated herein.

89.    The Home Depot Defendants by and through their agents, employees, officers, representatives, and others for whom they are legally responsible, in order to induce the purchase of lithium batteries, battery chargers, and leaf blowers, which they imported, manufactured, marketed, and/or sold, including the subject lithium battery and leaf blower, advertised to the public the availability and safety of its products.

90.  Through the use of such advertising, the Home Depot Defendants, by and through their agents, employees, officers, representatives, and others for whom they are legally responsible, for the benefit of the ultimate consumers and users, including Plaintiff, directed the attention of the public and particularly ultimate consumers and users, specifically Plaintiff and others similarly situated, by means of express representations and warranties of its products by representing to the public and ultimate consumers, including Plaintiff, their products could be used safely and without fear of sudden malfunction in ordinary uses, and in the manner directed and for the purposes intended by the Home Depot Defendants.

19

91.     In using the subject Ryobi Product, Plaintiff relied upon the skill and judgment of the Home Depot Defendants, by and through its agents, employees, officers, representatives, and others for whom it is legally responsible, and upon the express warranty of the Home Depot Defendants created under North Carolina law.

92.     The subject Ryobi Product was defective in design, materials, and/or manufacture and such defect breached the express and implied warranties given by the Home Depot Defendants, by and through its agents, employees, officers, representatives, and others for whom it is legally responsible.

92.     As a direct and proximate result of the breach of express and implied warranties given for the benefit of the ultimate consumers and users, including Plaintiff, Plaintiff was severely and permanently damaged, including, but not limited to sustaining damages for the destruction of the Pool Specialist, Inc. facility, damages to the other equipment owned by Pool Specialist, Inc., damages to the inventory owned by Pool Specialist, Inc., business damages including loss of profits from the destruction of the Pool Specialist, Inc. facility, the Pool Specialist, Inc. inventory, the Pool Specialist, Inc. equipment, loss of profits, and all other related costs and expenses that are a direct and proximate result of the fire, including all damages allowed under North Carolina law.

93.     Plaintiff is therefore entitled to recover from the Home Depot Defendants all damages caused by the Home Depot Defendants' breach of warranties and negligence, including all such damages as allowed by North Carolina law.

94.     Plaintiff is entitled to recover from the Home Depot Defendants, jointly and severally with all other Defendants, an amount to be determined by a jury, but in any

event greater than $25,000.00, as a result of the breach of express and implied warranties by the Home Depot Defendants, as described herein.

**PLAINTIFF SEEKS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

WHEREFORE, Plaintiff prays that it have and recover of Defendants, jointly and severally:

1.      Compensatory damages against Defendants, jointly and severally, in amount to be determined by the jury but in any event greater than $25,000.00;

2.      Punitive damages against Defendants, to the extent that the jury finds by clear and convincing evidence that the conduct of any of Defendants proximately caused and/or related to the damages complained of in this action were willful and wanton in nature;

3.      Trebled damages against Ryobi Defendants, jointly and severally, pursuant to N.C.G.S. § 75-16.

4.      Reasonable attorneys' fees taxed against Ryobi Defendants, jointly and severally, pursuant to N.C.G.S. § 75-16.1;

5.      Costs incurred in bringing this action;

6.      Pre and post judgment interest as provided by law;

7.      A jury to hear and determine all issues of fact; and

8.      Any other and further relief as the Court deems just and appropriate.

This the 5th day of March, 2024.

ABRAMS & ABRAMS, P.A.

_____
Douglas B. Abrams, State Bar No. 8621
Margaret S. Abrams, State Bar No. 9091
1526 Glenwood Avenue
Raleigh, NC  27608
Telephone:  (919) 755-9166
Facsimile:  (919) 755-9396
dabrams@abramslawfirm.com
mabrams@abramslawfirm.com

*Counsel for Plaintiff*